**UNITED STATES, Appellee,**

v.

**Private E2 Stephen F. MESSNER, United States Army, Appellant.**

**ARMY 9600694.**

U.S. Army Court of Criminal Appeals.

20 April 1998.

Reconsideration Denied 1 July 1998.

For Appellant: Colonel John T. Phelps II, JA; Lieutenant Colonel Michael L. Walters, JA; Major Leslie A. Nepper, JA; Captain Mary J. Bradley, JA (on original brief); Major Leslie A. Nepper, JA; Captain Mary J. Bradley, JA (on supplemental brief).

For Appellee: Colonel Joseph E. Ross, JA; Lieutenant Colonel Frederic L. Borch III, JA; Major Lyle D. Jentzer, JA (on original and supplemental briefs).

Before TOOMEY, Senior Judge, TRANT and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

TRANT, Judge:

A military judge sitting as a special court-martial found appellant guilty, pursuant to his pleas, of violating a lawful general regulation, and, contrary to his pleas, of disobeying the lawful orders of a superior commissioned officer (two specifications), disobeying the lawful orders of a noncommissioned officer (three specifications), disrespect toward a noncommissioned officer, and communicating a threat in violation of Articles 92, 90, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 890, 891 and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four months, forfeiture of $583.00 pay per month for six months, and reduction to Private E1.

■ Appellant's headnote supplemental assignment of error avers:

WHETHER THE APPLICATION OF ARTICLE 57(a)(1), 10 U.S.C. § 857(a)(1), VIOLATES THE *EX POST FACTO* CLAUSE OF THE CONSTITUTION WITH RESPECT TO APPELLANT. *See United States v. Gorski*, 47 M.J. 370 (1997). (R. at convening authority's action) (offenses occurred between 16 January 1996 and 1 March 1996; appellant was sentenced on 9 April 1996; fourteen days ofter [sic] sentence was announced occurred on 23 April 1996; the convening authority acted on 5 September 1996).

In the National Defense Authorization Act for Fiscal Year 1996, Congress amended Article 57(a), UCMJ, to establish the effective date for forfeitures and reduction in grade as the earlier of the date of the convening authority's action or fourteen days after the date the sentence is adjudged.[1] Congress further amended the UCMJ by adding Article 58(b), UCMJ, which mandates that an accused, during any period of confinement or parole, will forfeit:

(1) all pay and allowances if a general court-martial sentence includes death, confinement in excess of six months, or a punitive discharge or dismissal and any period of confinement; or

(2) two-thirds of all pay due if a special court-martial sentence includes a punitive discharge and any period of confinement.[2]

The effective date of this legislation was 1 April 1996. In *Gorski*, the United States Court of Appeals for the Armed Forces held that this legislation had an *ex post facto* effect in violation of Article I, § 9, of the Constitution when applied to accused whose offenses were committed prior to the effective date of the legislation. *Gorski*, 47 M.J. at 371.

Appellant's assertion that he is entitled to relief in accordance with *Gorski* is based solely upon the fact that his offenses were committed prior to 1 April 1996. Having posed the question, appellant has failed to supply any evidence that he has been harmed by this legislation or to request specific relief. Appellant merely notes the chronological facts that his offenses predate the effective date of the amendment to Article 57, UCMJ, while appellant's sentencing and the convening authority action thereon postdates the same. From that, appellant expects this court to speculate that his lawful sentence was unlawfully executed. We decline to do so. Simply placing appellant in the universe of those who *may* have been subjected to an *ex post facto* application of Article 57(a)(1), UCMJ, is insufficient.

■ We now establish four requirements that an appellant must satisfy before this court will entertain allegations of unlawful application of Article 57(a)(1), UCMJ, as contemplated by *Gorski*. An appellant seeking *Gorski* relief must proffer that (1) an illegal forfeiture of pay was actually executed pursuant to operation of Article 57(a), UCMJ, (2)

---

1. Article 57(a), Pub.L. No. 104–106, Title XI, § 1121, 110 Stat. 462. Prior to this amendment, forfeitures and reduction only became effective on the date of the convening authority's action.

2. Article 58(b), Pub.L. No. 104–106, Title XI, § 1122, 110 Stat. 463, *as amended by* Pub.L. No. 104–201, § 1068, 110 Stat. 2655 (1996). Prior to this addition, the only authorized forfeitures were those adjudged by a court-martial and subsequently approved by the convening authority.

he or she requested reimbursement through Defense Finance and Accounting Service (DFAS) channels, (3) DFAS denied administrative relief, and, (4) he or she is entitled to judicial relief in a specified dollar amount. As noted by Chief Judge Cox in his concurring opinion, the *ex post facto* consequence of this legislative amendment "is administrative in nature. It does not pertain to the lawful sentence adjudged at trial; it only applies to what happens administratively following trial. Thus, the remedy is administrative." *Gorski*, 47 M.J. at 375–76.

Conjectural requests for unspecified relief will not suffice. This appellant has not satisfied these four requirements. Accordingly, no judicial relief is warranted at this time. Should the appellant subsequently satisfy these requirements, this opinion does not preclude reconsideration of his request for judicial relief on the *Gorski* issue.

We have considered the matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and appellant's assertion that the disobedience offenses are multiplicious, and find them to be without merit.

The findings of guilty and sentence are affirmed.

Senior Judge TOOMEY and Judge CARTER concur.